**UNITED STATES BANKRUPTY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:                                                            CASE NO: 09-10338
ANGELA M. KISH
DEBTOR                                                           CHAPTER 13 CASE

**CHAPTER 13 PLAN**

The debtor's future earnings are submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee all disposable income in the amount of _$300.00___ monthly for __1-40__ and __$600.00__ monthly for months __41-60__.

1. A portion of the debtor's future earnings sufficient to fund the following full payment plan is submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee the sum of __$30.00____ monthly for months __1-40____ and __$60.00__ monthly for months __41-60__ as an administrative expense entitled to priority under 11 U.S.C. Sec. 507(a)(1) (ten percent [ten%] of payments under the plan).

   *2. Priority Claims*

   A. **Attorney Fees**

| Attorney's Name | Total Fees | Fees to be paid in Plan | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| James M. Herpin | $2,500.00 | $2,500.00 | 1-9 | $270.00 |
|  |  |  | 10 | $70.00 |

   B. **Priority Tax Claims**
   (1) The following claims entitled to priority under 11 U.S.C. §507 shall be paid in full* in deferred cash payments unless the holder of a particular claim has agreed to a different treatment of such claim, as indicated below:

| Name of Creditor | Value of Claim | Annual Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|
|  |  | 0% |  |  |

*if applicable, the plan provides for less than full payment of amounts owed for a claim entitled to priority under §507 pursuant to §1322(a)(4).

   C. **Domestic Support Obligations (DSO)**

   i.  ☒  None.  If none, skip to subparagraph (3.A) below.
   ii.     The name(s), address(es) and phone(s), including area code, of the holder of any DSO as defined in §101(14A).  Pursuant to §112 do not disclose the name of a minor child.  Identify only as "Minor child #1", Minor child #2, etc.:

| Name, DSO claim holder | Address, city & state | Zip code | Telephone number |
|---|---|---|---|
|  |  |  |  |

   iii.    Debtor(s) shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 plan payments made to the Chapter 13 trustee.

b. Arrearages owed to DSO holders under §507(a)(1)(A).

    i.    ☒  None. If none, skip to subparagraph (3.A) below.

    ii.    The name(s), address(es) and phone(s), including area code, of the holder of any DSO as defined in §101(14A). Pursuant to §112 do not disclose the name of a minor child. Identify only as "Minor child #1", Minor child #2, etc.:

| Name, address, phone number of DSO claim holder | Arrearage Claim | Term Monthly Installments |
|---|---|---|
|  |  |  |

    iii.    DSO arrearages shall be paid from the Chapter 13 plan payments made to the Chapter 13 trustee.

c. DSO assigned to or owed to a governmental unit under §507(a)(1)(B):
    i.    ☒  None. If none, skip to subparagraph (3.A) below.
    ii.    The debtor shall pay all post-petition DSO assigned to a governmental unit directly to the assignee of the claim and not through the Chapter 13 plan payments made to the Chapter 13 trustee.
    i.    The name(s), address(es) and phone number(s), including area code, of the holder of the assigned DSO arrearage claim, estimated arrearage claim and equal monthly amount or other special provisions shall be set out below. Any special provisions must also be clearly set out in paragraph 11 of the plan.

| Name, address, phone number of DSO claim holder | Arrearage Claim | Term Monthly Installments |
|---|---|---|
|  |  |  |

*3. Secured Claims*

A. **Principal Residence.** Except as otherwise provided herein or by order of the Court, and pursuant to 11 U.S.C. §1322(b)(2), the debtor, during the pendency of this case and this plan, shall make the usual and regular payments called for by the debt instruments and security agreements supporting non-voidable liens upon debtor's principal residence that is immovable/real property directly to each lien holder in a current manner from the date of the petition.

| Lien Holder | Security Interest | Description of Property | Monthly Installment |
|---|---|---|---|
| Regionsm/Am<br>215 Forrest Street<br>Hattiesburg, MS  39404 | $67,294.00 | 5338 Island Road<br>Jarreau, LA  70749 | $785.00 |

(If treatment different from that required by the debt instruments and security agreements is proposed, such treatment shall be specifically described and shall become an issue to be resolved either by consent of all parties or at confirmation.)

B. **Curing of Arrearages.** Arrearages to named lien holders shall be made in installments by the trustee from funds available for distribution monthly. Payments shall be made in installments set forth below until the amount allowed each lien holder on a claim for arrearages as provided herein has been paid.

| Lien Holder | Total Amount of Arrearages | Annual % Rate | Terms (Months) | Monthly Installment |
|---|---|---|---|---|
|  |  | 0% |  |  |

*if applicable. Provisions of this paragraph shall operate to cure any default of any security agreement notwithstanding that by the terms of the security agreement the time for reinstatement has expired.

**C. Surrender of Property.** The debtor shall surrender to the following holders of secured claims any right that might arise under the Bankruptcy Code or this plan to maintain an interest in the property securing the claims, in full satisfaction of the claim, regardless of balance, of each of these following creditors:

| Lien Holder | Amount of Secured Claim | Description of Property |
|---|---|---|
|  |  |  |

The debtor's right to assert under the Bankruptcy Code or this Plan an interest in the property securing the claim(s) is deemed surrendered as of the date of entry of the Order of Confirmation. Confirmation of this plan will operate to lift the §362 stay, with consent of the debtor, also to allow enforcement of the security interest held by the above claimants, under applicable non-bankruptcy law.

**D. Pre-Confirmation Adequate Protections.** Pursuant to the order of the Court, all adequate protection payments to secured creditors required by §1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered, in the amount provided in the plan for that creditor. Such payments shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have filed a claim.

| Creditor name, address, last four digits of account number | Security | Amount of Claim | Term (Months) | Monthly Installment |
|---|---|---|---|---|
|  |  |  |  |  |

**E. Claims to Which 506 Valuation is not Applicable**

  i. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor(s) for which the debt was incurred within 910 days of filing the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a)(5).

  ii. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim as provided below after subtracting the pre-confirmation adequate protection payments from the value of the claim.

| Name of Creditor | Description of Property | Value of Claim | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**F. Claims to Which §506 Valuation is Application.** Any secured claims not treated in subsections (A), (B), (C), (D), (E), or (G) of this provision shall be determined under 11 U.S.C. §506 and Rules 3004 and 3012, Federal Rules of Bankruptcy Procedure, and Rules 3012-1 of the Local Rules of this Court, and shall receive payments under the plan equivalent to the value of the claim as of the effective date of the plan. Each holder of a secured claim shall retain the lien securing such claim until the claim is paid. The holders of claims secured by liens on property other than the principal residence, the value of the claims as proposed by the debtor, and the treatment afforded such claim are set forth below:

| Name of Creditor | Description of Property | Value of Claim | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

In the event any creditor contests the value of a secured claim as proposed by the debtor, the creditor must file a timely objection pursuant to Local Rule 3015.3-1. In the event of such an objection, the

Court will take evidence and shall determine the value of the secured claim as the hearing on confirmation, pursuant to Rule 3012, FRBP, and Local Rule 3012-1 or in connection with such other proceedings as are appropriate in the interest of justice. [If applicable—the debtor intends to avoid the lien which purports to secure the claim of the following creditor, pursuant to Bankruptcy Rule 7001 and Local Rule 3012-1(c) and has brought (will bring) a separate adversary proceeding to effect cancellation of the lien so as to render the following creditor(s)= claim(s) unsecured:_____.

**G. Other Direct Payments.** The debtor, during the pendency of this case and this plan, shall make the usual and regular payments called for by the debt instruments and, if applicable, the security agreements supporting non-voidable liens against the following property **directly** to each creditor in a current manner from the date of the petition as follows:

| Creditor | Security Interest | Description of Property | Monthly Installment |
|---|---|---|---|
| HSBC/Rs Ce<br>700 North Wood Dale Road<br>Wood Dale, IL  60191 | $10,443.00 | 2006 Hyabusa | $314.97 |

Reason for Direct Payment:_____

  *4. Unsecured Claims.*  Creditors holding unsecured claims shall be treated as follows:

  A. **Class A** shall consist of those creditors holding allowed unsecured claims, except those allowed unsecured claims treated in subsection (B).  The claims of such creditors shall be paid pro rata over the period of the plan as follows:

| Aggregate Amount of Unsecured Claims | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|
| $72,393.00 | 5% | 10<br>11-40<br>41-60 | $200.00<br>$270.00<br>$540.00 |

  B. [If applicable] **Class B** shall consist of creditors who have allowed unsecured claims with a co-debtor liable thereon.  In order to insure continuance of the co-debtor stay pursuant to 11 U.S.C. §1301, the claims of such creditors shall be paid 100% of the claim as allowed plus interest as follows:

| Name of Creditor | Claim & Monthly Installment* | Interest Rate** | Term (Months)*** | Monthly Installment Under Plan |
|---|---|---|---|---|
|  |  | 5% |  |  |

  * The remaining balance and installment under the applicable debt instrument.
  **As provided in the debt instrument.
  ***Left according to the terms of the debt instrument.

  *5.Liquidation Value*.  The liquidation value of the estate is _$495.00__.

  *6. Present Value of Payments to Class A Unsecured Creditors.*  The present value of the payments to be made to unsecured creditors under the plan using a 5% annual interest rate is $_16,238.71_.

  *7.*  The debtor hereby accepts/rejects the following leases or executory contracts_____.  Post-petition payments on executory contracts and unexpired leases, which are assumed, shall be paid directly by debtor(s).

  *8. Attorney's Fees for Debtor's Counsel.*  The debtor's attorney has been paid or promised:

      a.   $2,500.00 plus $274.00 court costs by the debtor for professional services and expenses incurred in this Chapter 13 case. Approval of said fees and expenses will be sought in conjunction with confirmation of this plan. Confirmation of the plan shall be deemed as approval of said fees and expenses unless disallowed or reduced by the Court.

9. *Vesting of Property.* Upon confirmation of this plan, all of the property of the debtor's estate shall vest in the debtor.

10. *Other Matters.* Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, paid by the debtor to the month in which they were made directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

### CERTIFICATION OF COUNSEL

I hereby certify that I have explained the terms and conditions of, and obligations under, the foregoing plan to the debtor(s).

Baton Rouge, Louisiana this _10_ day of June 2009.

**HERPIN & DEGENERES, L.L.C.**
200 Government Street, Ste. 200
Baton Rouge, LA   70802
Telephone: (225) 346-1600

Plan Dated: _06/10/2009___

_s/James M. Herpin_____
**James M. Herpin**, Bar No. 18257


_s/Angela M. Kish_____
**ANGELA M. KISH**